(No. 5448— )

GLADER CORPORATION, A Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 31, 1969.*

SHURL ROSMARIN, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General, SAUL R. WEXLER, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant, an employment agency, seeks the sum of $1,200.00 for services rendered to respondent pursuant to an agreement, dated August 15, 1966. The agreement provided as follows:

"Whereas, the Office of the Secretary of the State of Illinois desires to employ a qualified Computer System Analyst with extensive experience with the Univac III Programing in Salt Language. Said person to be employed must have at least a minimum experience with NCR Optical Scanner and Optical Font adding machine input to Univac III System.

"Whereas, the Glader Corporation of 110 South Dearborn Street, Chicago, Illinois, Certified Personnel Service, desires to acquire such a person as requested by the Office of the Secretary of State, State of Illinois:

"Therefore, it is hereby agreed by and between the parties hereto that should the Glader Corporation furnish the Office of the Secretary of State with a person possessing the above stated qualifications, and who is acceptable to the Office of the Secretary of State, the Secretary of State agrees to pay the personnel fee for the services of said Glader Corporation up to and including the sum of $1,400.00."

The contract was signed by the Secretary of State through his agent, and by Florence Smith for the Glader Corporation.

Claimant alleges that it furnished a qualified computer system analyst to respondent, namely Ernest Smale, who commenced work as an employee of respondent on September 1, 1966. Claimant further alleges that it presented a claim to respondent through his Administrative

Assistant, I. Lawrence Richardson, on or about November 21, 1966, on which date the check, which had been issued by respondent to claimant, had been stopped; and, that claimant is entitled to the amount claimed herein.

A departmental report submitted by respondent denies that Ernest Smale met the qualifications of the contract in that "he did not have the extensive experience with Univac III Programing in Salt Language, nor did he have at least a minimum experience with NCR Optical Scanner and Optical Font adding machine input to Univac III System." Respondent further contends that there was no provision in the contract as to when a decision as to acceptability must be made, and that a reasonable time, which must be inferred, would be six months.

Mr. Richardson testified that Mr. Smale worked for respondent for two and one-half months with six days of unexcused absences. He further testified that Mr. Smale could not program in Salt Language; that three people had to be hired to assist him, and that his work was not acceptable. Mr. Richardson stated that it would take a year to see if a man is qualified, and that Mr. Smale was not fired, but left of his own volition.

Mr. Richardson stated that payment on the check to claimant was stopped after he received notification that Mr. Smale was quitting. He also admitted that the reason for stopping payment on the check was not because Smale's qualifications were unsatisfactory, but that he sought employment elsewhere.

The matter appears to be resolved by the following provision of Ch. 48, Sec. 197(e), Ill. Rev. Stat., 1971:

"If the employer pays the fee, and the employee fails to remain in the position for a period of 30 days, such licensee shall refund to the employer all fees less an amount equal to 25% of the total salary or wages paid such employee during the period of such employment within 3 days after said licensed person has been notified of the employee's failure to remain in the employment. . ."

A further provision provides that, if the employee pays the fee, and is discharged at any time within 30 days for any reason other than "intoxication, dishonesty, unexcused tardiness, unexcused absenteeism or insubordination, or otherwise fails to remain in the position for a period of 30 days through no fault of his own, such licensee shall refund to the employee all fees. . ."

It is clear that the intent of the statute is that an employment agency is entitled to its fee from either the employer or the employee depending upon the original agreement, if the employee remains in the employment for a period of 30 days or more. The employee in the instant case worked for a period of more than 30 days. Therefore, claimant is entitled to the agreed sum of $1,200.00.

Claimant is hereby awarded $1,200.00.